WARD, Judge.
E.W. Wesley applied for unemployment compensation benefits after being discharged from his employment as a delivery driver with Loubat-L. Frank, Inc. (“Frank”). The Office of Unemployment Security determined that Wesley was discharged because of inability to meet his employer’s requirements and not for misconduct connected with the employment; hence Wesley was not disqualified from receiving benefits. After a hearing requested by Frank, an Appeals Referee reversed the claim determination and ordered Wesley disqualified. The Appeals Referee found that Wesley violated his employer’s policy requiring him to telephone to report any problems which occur on a delivery route. The Board of Review affirmed this ruling. Wesley filed suit in the Civil District Court where the judge upheld the decision of the Board of Review. Wesley has appealed his disqualification to this Court. We reverse.
The record from the administrative hearing shows that Wesley was employed as a delivery driver for Frank in New Orleans for three years and had received several safe driving bonuses during that period. On April 16, 1985, Wesley was sent on a route which included deliveries in Slidell, Louisiana, an area with which he was not familiar. He was expected to return to Frank’s place of business between 6:00 and 6:30 p.m., but did not return until 10:30 p.m. Wesley telephoned his employer at least once to say that he would return as soon as he completed the deliveries. Wesley maintained that he made this call about 6:00 p.m.; Frederick Myers, a shipping clerk and the employer’s only witness at the hearing, claimed he received Wesley’s last call at 4:30. Wesley explained that he was late returning because he got lost several times. He asked directions and missed a turn on his way back to New Orleans. He then drove a long distance only to come to a sign which indicated that he was headed toward Gulfport, Mississippi. Wesley finally returned to Louisiana, but could not immediately find his way back to his employer. Wesley acknowledged that he knew that Frank’s policy required him to call in to report any problems while on his delivery route and that he did not telephone to explain his whereabouts after leaving Slidell, his excuse being that he was preoccupied with trying to find his way back to New Orleans. Wesley was discharged because he violated his employer’s policy requiring him to call or report in any problems on the delivery route.
When Frank appealed the determination that Wesley was not disqualified from receiving unemployment compensation benefits, it had the burden of proving disqualifying misconduct by a preponderance of *970 the evidence. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696 (La.1981). Judicial review of the Board of Review’s findings is limited to questions of law if the factual findings are supported by sufficient evidence. La.R.S. 23:1634; Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir.1979).
The Appeals Referee’s factual findings do not differ substantially from our synopsis given above, and Wesley does not contest the findings of fact. In his appeal to this Court, Wesley contends, however, that the facts do not support the Appeals Referee’s finding of disqualifying misconduct. Such misconduct has been defined as
an act of willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect from his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful interest, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.
Payne v. Antoine’s Restaurant, 217 So.2d 514, 517 (La.App. 4th Cir.1969); Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
It has been held that
[p]oor judgment, inability to cope with situations, and occasional incidents of nondeliberate failure to precisely follow established rules and procedures, although giving the employer reason for terminating the employee for the employer’s own purposes, does not constitute the kind of willful and deliberate misconduct tht will disqualify the employee from receiving unemployment benefits as provided by law.
Simmons v. Gerace, 377 So.2d 407, 410 (La.App. 2d Cir.1979).
We conclude from the record before us that the facts found by the Appeals Referee and affirmed by the Board of Review do not constitute disqualifying misconduct. At worst, it could be said that Wesley panicked, was unable to adequately perform his job in a stressful situation, and negligently violated a company policy. This conduct does not disqualify Wesley from eligibility for unemployment compensation benefits.
Accordingly, we reverse the Trial Court’s affirmation of the administrative ruling that disqualified E.W. Wesley from receiving unemployment compensation benefits and order George Whitfield, Administrator of the Louisiana Office of Employment Security, to pay E.W. Wesley all unemployment compensation due him.
REVERSED AND RENDERED.